OPINION
Appellant David Roberts is appealing his conviction, in the Lancaster Municipal Court, for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and (A)(2). The following facts give rise to this appeal.
On December 2, 1997, Trooper Lott and Sergeant Blosser, of the Ohio State Highway Patrol, responded to an accident at the intersection of State Routes 37 and 256. The accident occurred while appellant was driving south on State Route 37 and the driver of another vehicle, Melissa Burns, turned right onto State Route 37, from eastbound State Route 256, which caused appellant to strike Burns' vehicle. As a result of the collision, appellant's vehicle struck the side of a nearby restaurant and Mrs. Burns' vehicle struck a picnic table outside the restaurant. Due to the conflicting versions of how the accident occurred, the State Highway Patrol did not issue any traffic citations.
Upon their arrival, at the scene of the accident, the troopers found appellant inside the restaurant receiving treatment from EMS personnel. EMS personnel transported appellant to Fairfield Medical Center. While at the hospital, Trooper Lott administered the HGN test. Four of the six indicators for intoxication were present. At the request of Trooper Lott, hospital personnel drew a sample of appellant's blood for testing at the crime lab. As a result of this blood test, appellant was charged with violating R.C. 4511.19(A)(1) and (2).
On December 3, 1997, appellant appeared at his arraignment and entered pleas of not guilty. Thereafter, appellant filed a motion to dismiss and a motion to suppress on January 20, 1998. Rather than proceed with a hearing on these motions, appellant decided to enter a plea. On May 21, 1998, the day appellant was to enter his guilty plea, appellant changed his mind and requested to proceed with the oral hearing. This matter came before the trial court on May 28, 1998. At this time, the trial court decided to hear and decide the oral hearing and trial at the same time. The trial of this matter concluded on June 2, 1998. After hearing all the evidence, the trial court overruled appellant's motions and found appellant guilty of both charges.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DECIDED TO HEAR AND DECIDE THE ORAL HEARING AND TRIAL AT THE SAME TIME.
 II. THE APPELLANT WAS DENIED DUE PROCESS UNDER THE FOURTEENTH AMENDMENT DUE TO THE FACT THAT HE WAS FOUND GUILTY OF OMVI WHEN SAID CONVICTION WAS NOT BASED UPON SUFFICIENT EVIDENCE DISPLAYING APPELLANT'S GUILT BEYOND A REASONABLE DOUBT AND THE TRIAL COURT'S DECISION WAS INCONSISTENT WITH THE EVIDENCE AND TESTIMONY PRESENTED AT TRIAL.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL
 IV. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT OVERRULED THE APPELLANT'S MOTION TO SUPPRESS.
 V. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED THE APPELLANT'S MOTION TO DISMISS.
 VI. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE STATE TO AMEND THE TRAFFIC TICKET.
 VII. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO RULE THAT THE TROOPERS WERE INCOMPETENT TO TESTIFY.
 VIII. THE TRIAL COURT ABUSED ITS DISCRETION IN CONTINUING THE MAY 27, 1998 HEARING.
 I
Appellant contends, in his first assignment of error, the trial court erred when it proceeded to hear and decide appellant's motion to suppress and motion to dismiss at the same time the trial court conducted the bench trial in this matter. We agree.
Crim.R. 12(E) specifically provides that "[a] motion made pursuant to divisions (B)(1) to (B)(5) of this rule shall be determined before trial." A motion to suppress and motion to dismiss fall within Crim.R. (B)(1) through (5). Defense counsel specifically objected to the trial court's decision to proceed in this manner. Tr. May 27, 1998, at 12.
A review of the record indicates the trial court decided to proceed in this manner due to concerns regarding appellant's speedy trial rights. Id. at 3. We would note that under R.C.2945.72(E), a filing of a motion to suppress and/or motion to dismiss automatically extends the time period within which a defendant must be brought to trial. The trial court ultimately overruled appellant's motions at the close of evidence.
We find appellant's motion to suppress and motion to dismiss were not timely determined, by the trial court, as required by Crim.R. 12(E). See State v. Milteer (Oct. 1, 1991), Richland App. No. CA-2830, unreported.
Appellant's first assignment of error is sustained. We will not address appellant's assignments of error two through eight as they are not yet ripe for appeal at this time based upon our disposition of appellant's first assignment of error.
For the foregoing reasons, the judgment of the Lancaster Municipal Court, Fairfield County, Ohio, is hereby reversed and remanded for a new trial.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Lancaster Municipal Court, Fairfield County, Ohio, is reversed and remanded for a new trial.